IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CHESTER COUNTY RETIREMENT SYSTEM, individually, and on behalf of all those similarly situated, | § § § § | No. 603, 2016 |
| Plaintiff Below, Appellant, | § § § § | Court Below: Court of Chancery of the State of Delaware |
| v. | § § | C.A. No. 12072 |
| JOSHUA L. COLLINS, DAVID A. WILLMOTT, ROBERT E. BEASLEY, JR., RONALD CAMI, ANDREW C. CLARKE, NELDA J. CONNORS, E. DANIEL JAMES, HAROLD E. LAYMAN, MAX L. LUKENS, DANIEL J. OBRINGER, BLOUNT INTERNATIONAL, INC., AMERICAN SECURITIES LLC, P2 CAPITAL PARTNERS, LLC, P2 CAPITAL MASTER FUND I, L.P., ASP BLADE INTERMEDIATE HOLDINGS, INC., ASP BLADE MERGER SUB, INC. and GOLDMAN SACHS & CO., | § § § § § § § § § § § § § § § § | |
| Defendants Below, Appellee. | § § | |

Submitted: June 7, 2017
Decided: June 15, 2017

Before **STRINE**, Chief Justice; **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices; **LEGROW**, Judge,[*] constituting the Court *en Banc*.

---

[*] Sitting by designation under Del. Const. art. IV, § 12.

**O R D E R**

(1)    On appeal, the key issue in this case is whether the Court of Chancery was correct in concluding that the merger that the plaintiff challenges as a breach of fiduciary duty was approved by stockholders in a fully informed, uncoerced vote and, therefore, the plaintiff's complaint failed to state a claim upon which relief could be granted.[1]

(2)    We affirm, although we note one troubling aspect of the record. The plaintiff's complaint pointed out the failure of the target to the merger to disclose that the chairman of its special committee was considering joining the special committee's outside counsel as a partner. That fact was disclosed within weeks after the merger's closing by the law firm in a hiring announcement. Although we, like the Court of Chancery, conclude that this fact was not material, one can understand why it caught the attention of the plaintiff, and prudence would seem to have counseled for bringing it to light earlier, especially given that the chairman's intention to become a partner at that firm was going to become public in any event. Given when the eventual disclosure was made, the special committee chair and the committee's outside lawyers presumably knew that this potential relationship was at

---

[1] *Chester Cty. Ret. Sys. v. Collins*, 2016 WL 7117924, at \*2 (Del. Ch. Dec. 6, 2016) (ORDER) ("When a transaction has been approved by a majority of the disinterested stockholders in a fully informed and uncoerced vote, the business judgment rule applies and 'insulates the transaction from all attacks other than on the grounds of waste[.]'" (quoting *In re KKR Fin. Hldgs. LLC S'holder Litig.*, 101 A.3d 980, 1001 (Del. Ch. 2014), *aff'd sub nom. Corwin v. KKR Fin. Hldgs. LLC*, 125 A.3d 304 (Del. 2015))).

least under serious consideration, if not already agreed upon, before the closing of the transaction.

(3)    Even though we agree that this development was not material, the failure to disclose it in these circumstances nevertheless raised needless questions, in a high-salience context in which both cynicism and costs tend to run high anyway. Both of those factors increased here simply because of the fact that the chairman's new relationship with outside counsel was disclosed after, and not before, the votes were counted.  That said, the Court of Chancery correctly analyzed this and the other alleged disclosure deficiencies and found that the vote was fully informed and as a result the business judgment rule applied. For that reason, we affirm on the basis of the Court of Chancery's order of December 6, 2016.[2]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Court of Chancery is hereby AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*
Chief Justice

---

[2] *Chester Cty. Ret. Sys. v. Collins*, 2016 WL 7117924 (Del. Ch. Dec. 6, 2016) (ORDER).